ORIGINAL

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED

Jun 10 11 24 AM '03

U.S. DISTRICT COURT

**WELLS FARGO & CO.**,
a Delaware corporation,
**WFC HOLDINGS CORPORATION**,
a Delaware corporation, and
**QUICKEN LOANS, INC.**,
a Michigan corporation,

    Plaintiffs,

v.

**WHENU.COM, INC.**,

    Defendant.

_____/

Civil Case No. 03-71906
Hon. Nancy G. Edmunds
Magistrate Judge Pepe

## ANSWER, AFFIRMATIVE DEFENSES AND JURY DEMAND

Defendant WhenU.Com, Inc., by its attorneys, Butzel Long, P.C. and Kronish Lieb Weiner & Hellman LLP, as its Answer states as follows:

1. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 1 of the Complaint.

2. Defendant denies the allegations set forth in paragraph 2 of the Complaint.

3. Defendant denies the allegations set forth in paragraph 3 of the Complaint.

4. Defendant denies the allegations set forth in paragraph 4 of the Complaint.

5. Defendant denies the allegations set forth in paragraph 5 of the Complaint.

6. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 6 of the Complaint.

7.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 7 of the Complaint.

8.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8 of the Complaint.

9.  Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 9 of the Complaint.

10. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 10 of the Complaint.

11. Defendant admits the allegations set forth in paragraph 11 of the Complaint.

12. Plaintiffs' assertions of law set forth in paragraph 12 of the Complaint do not require a response.

13. Plaintiffs' assertions of law set forth in paragraph 13 of the Complaint do not require a response.

14. Defendant admits that it distributes a downloadable software program to computer users, some of whom may reside within the State of Michigan and this district. Defendant admits that it delivers contextual marketing services to the computers of persons who have installed WhenU's software program. Defendant admits that it offers advertising services to corporations and individuals, some of whom may reside in the State of Michigan. Defendant admits that it has delivered advertisements that market the products or services of Ameriquest Mortgage Company. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the number of Ameriquest offices in Michigan or the location of Ameriquest's registered agent. Defendant denies the remaining allegations set forth in paragraph 14 of the Complaint.

15. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 15 of the Complaint.

16. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 16 of the Complaint.

17. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 17 of the Complaint.

18. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 18 of the Complaint.

19. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 19 of the Complaint.

20. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 20 of the Complaint.

21. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 21 of the Complaint.

22. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 22 of the Complaint.

23. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 23 of the Complaint.

24. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 24 of the Complaint.

25. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 25 of the Complaint.

26. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 26 of the Complaint.

27. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 27 of the Complaint.

28. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 28 of the Complaint.

29. Defendant denies the allegations set forth in paragraph 29 of the Complaint.

30. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 30 of the Complaint.

31. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 31 of the Complaint.

32. Defendant denies the allegations set forth in paragraph 32 of the Complaint.

33. Defendant denies that Plaintiffs' attempt to characterize and/or describe the functioning of the Internet, the World Wide Web, web pages, web browsers, web sites, URLs or domain names is sufficiently accurate or complete for the purposes of addressing the issues presented in this action and therefore denies the allegations set forth in paragraph 33 of the Complaint.

34. Defendant admits that internet use in the United States grows and continues to grow. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 34 of the Complaint.

35. Defendant admits that consumers can use the Internet in the process of comparison shopping. Due to the vague and ambiguous wording thereof, Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 35 of the Complaint.

36. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 36 of the Complaint.

37. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 37 of the Complaint.

38. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 38 of the Complaint.

39. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 39 of the Complaint.

40. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 40 of the Complaint.

41. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 41 of the Complaint.

42. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 42 of the Complaint.

43. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 43 of the Complaint.

44. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 44 of the Complaint.

45. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 45 of the Complaint.

46. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 46 of the Complaint.

47. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 47 of the Complaint.

48. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 48 of the Complaint.

49. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 49 of the Complaint.

50. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 50 of the Complaint.

51. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 51 of the Complaint.

52. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 52 of the Complaint.

53. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 53 of the Complaint.

54. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 54 of the Complaint.

55. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 55 of the Complaint.

56. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 56 of the Complaint.

57. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 57 of the Complaint.

58. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 58 of the Complaint.

59. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 59 of the Complaint.

60. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 60 of the Complaint.

61. Defendant admits that selling online advertising is among the businesses within which it is engaged. Defendant denies the remaining allegations set forth in paragraph 61 of the Complaint.

62. (a) In answer to the allegations set forth in paragraph 62(a) of the Complaint, Defendant admits that it makes available for download a software program called "SaveNow." Defendant admits that, once a computer user has installed the SaveNow software, the software resides on that computer user's desktop. Defendant admits that the SaveNow software is commonly "bundled" with certain popularly downloaded programs, including certain screensaver programs and other programs. Defendant denies the remaining allegations set forth in paragraph 62(a) of the Complaint.

(b) In answer to the allegations set forth in paragraph 62(b) of the Complaint, Defendant admits that a proprietary directory, containing search phrases, web addresses, URLs and other terms is delivered to a consumer's computer desktop, beginning when the consumer

installs the software. Defendant admits that it updates the directory on a regular basis, and delivers those updates to consumers who have installed SaveNow. Defendant denies the remaining allegations set forth in paragraph 62(b) of the Complaint.

(c) Defendant admits that the SaveNow software's determination as to which WhenU advertisement or advertisements to display on the user's computer is based on the SaveNow software's analysis of that user's Internet browsing activity. Defendant denies the remaining allegations set forth in paragraph 62(c) of the Complaint.

(d) In answer to the allegations set forth in paragraph 62(d) of the Complaint, Defendant admits that, if a consumer has installed the SaveNow software, the operation of the SaveNow software may cause an ad for a loan or mortgage product or service to appear on the computer screen while that consumer may be visiting one of Plaintiffs' websites. Defendant denies the remaining allegations set forth in paragraph 62(d) of the Complaint.

(e) In answer to the allegations set forth in paragraph 62(e) of the Complaint, Defendant admits that its pop-up advertisements may be displayed on the computer screens of persons who install the SaveNow program at approximately the same time as the users of such computers access the websites of third parties. Defendant denies the remaining allegations set forth in paragraph 62(e) of the Complaint.

Defendant denies the remaining allegations set forth in paragraph 66 of the Complaint.

63. Defendant denies the allegations set forth in paragraph 63 of the Complaint.

64. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 64 of the Complaint.

65. Defendant admits that it did not seek the permission of Wells Fargo, and denies any implication that it was required to do so. Defendant denies the remaining allegations set forth in paragraph 65 of the Complaint.

66. Defendant denies the allegations set forth in paragraph 66 of the Complaint.

67. Defendant admits that it did not seek the permission of Quicken Loans, and denies any implication that it was required to do so. Defendant denies the remaining allegations set forth in paragraph 67 of the Complaint.

68. Defendant admits that it has asserted that SaveNow has been downloaded 100 million times, resides on approximately 25 million personal computers, and that WhenU expects to be active on close to 30 million desktops by the end of Q2 2003.

69. Defendant denies the allegations set forth in paragraph 69 of the Complaint.

70. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the second and third sentences of paragraph 70 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 70 of the Complaint.

71. Defendant admits that it does not pay website holders, and denies any implication in paragraph 71 of the Complaint that it is required to do so. Defendant also denies the remaining allegations set forth in paragraph 71 of the Complaint.

72. Defendant denies the allegations set forth in paragraph 72 of the Complaint.

73. Defendant denies the allegations set forth in paragraph 73 of the Complaint.

74. Defendant denies the allegations set forth in paragraph 74 of the Complaint.

75. Due to the ambiguous and confusing wording of the allegations set forth in paragraph 75 of the Complaint, Defendant is unable to admit or deny these allegations.

However, Defendant denies that unauthorized advertisements are systematically delivered to change the display of content on particular websites.

76. Defendant denies the allegations set forth in paragraph 76 of the Complaint.

77. Defendant denies the allegations set forth in paragraph 77 of the Complaint.

78. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the Plaintiffs' advertising arrangements or the allegations set forth in the first and second sentences of paragraph 78 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 78 of the Complaint.

79. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the Plaintiffs' advertising arrangements or the allegations set forth in the first sentence of paragraph 79 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 79 of the Complaint.

80. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the Plaintiffs' advertising arrangements or the allegations set forth in the first and second sentences of paragraph 80 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 80 of the Complaint.

81. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations concerning the Plaintiffs' advertising arrangements or the allegations set forth in the first sentence of paragraph 81 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 81 of the Complaint.

82. Defendant denies the allegations set forth in paragraph 82 of the Complaint.

83. Defendant denies the allegations set forth in paragraph 83 of the Complaint.

84. Defendant admits that it did not seek permission from Plaintiffs, and denies any implication that it was required to do so. Defendant denies the remaining allegations set forth in paragraph 84 of the Complaint.

85. Defendant denies the allegations set forth in paragraph 85 of the Complaint.

86. Defendant denies the allegations set forth in paragraph 86 of the Complaint.

87. Defendant denies the allegations set forth in paragraph 87 of the Complaint.

88. Defendant denies the allegations set forth in paragraph 88 of the Complaint.

89. Defendant denies the allegations set forth in paragraph 89 of the Complaint.

90. Defendant denies the allegations set forth in paragraph 90 of the Complaint.

91. Defendant denies the allegations set forth in paragraph 91 of the Complaint.

92. Defendant denies the allegations set forth in paragraph 92 of the Complaint.

93. Defendant denies the allegations set forth in paragraph 93 of the Complaint.

94. Defendant denies the allegations set forth in paragraph 94 of the Complaint.

95. Defendant denies the allegations set forth in paragraph 95 of the Complaint.

96. Defendant denies the allegations set forth in paragraph 96 of the Complaint.

97. Defendant denies the allegations set forth in paragraph 97 of the Complaint.

98. In answer to the allegations repeated and realleged in paragraph 98 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-97 of this Answer as if fully set forth herein.

99. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 99 of the Complaint.

100. Defendant denies the allegations set forth in paragraph 100 of the Complaint.

101. Defendant denies the allegations set forth in paragraph 101 of the Complaint.

102. In answer to the allegations repeated and realleged in paragraph 102 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-101 of this Answer as if fully set forth herein.

103. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 103 of the Complaint.

104. Defendant denies the allegations set forth in paragraph 104 of the Complaint.

105. Defendant denies the allegations set forth in paragraph 105 of the Complaint.

106. In answer to the allegations repeated and realleged in paragraph 106 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-105 of this Answer as if fully set forth herein.

107. Defendant denies the allegations set forth in paragraph 107 of the Complaint.

108. Defendant denies the allegations set forth in paragraph 108 of the Complaint.

109. Defendant denies the allegations set forth in paragraph 109 of the Complaint.

110. Defendant denies the allegations set forth in paragraph 110 of the Complaint.

111. Defendant denies the allegations set forth in paragraph 111 of the Complaint.

112. In answer to the allegations repeated and realleged in paragraph 112 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-111 of this Answer as if fully set forth herein.

113. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 113 of the Complaint.

114. Defendant denies the allegations set forth in paragraph 114 of the Complaint.

115. Defendant denies the allegations set forth in paragraph 115 of the Complaint.

116. Defendant denies the allegations set forth in paragraph 115 of the Complaint.

117. In answer to the allegations repeated and realleged in paragraph 117 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-116 of this Answer as if fully set forth herein.

118. Defendant denies the allegations set forth in paragraph 118 of the Complaint.

119. In answer to the allegations repeated and realleged in paragraph 119 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-118 of this Answer as if fully set forth herein.

120. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 120 of the Complaint.

121. Defendant denies the allegations set forth in paragraph 121 of the Complaint.

122. Defendant denies the allegations set forth in paragraph 122 of the Complaint.

123. Defendant denies the allegations set forth in paragraph 123 of the Complaint.

124. Defendant denies the allegations set forth in paragraph 124 of the Complaint.

125. In answer to the allegations repeated and realleged in paragraph 125 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-124 of this Answer as if fully set forth herein.

126. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 126 of the Complaint.

127. Defendant denies the allegations set forth in paragraph 127 of the Complaint.

128. Defendant denies the allegations set forth in paragraph 128 of the Complaint.

129. Defendant denies the allegations set forth in paragraph 129 of the Complaint.

130. In answer to the allegations repeated and realleged in paragraph 130 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set

forth in paragraphs 1-129 of this Answer as if fully set forth herein.

131. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 131 of the Complaint.

132. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 132 of the Complaint.

133. Defendant denies the allegations set forth in paragraph 133 of the Complaint.

134. Defendant denies the allegations set forth in paragraph 134 of the Complaint.

135. Defendant denies the allegations set forth in paragraph 135 of the Complaint.

136. In answer to the allegations repeated and realleged in paragraph 136 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-135 of this Answer as if fully set forth herein.

137. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of paragraph 137 of the Complaint. Defendant denies the remaining allegations set forth in paragraph 137 of the Complaint.

138. Defendant denies the allegations set forth in paragraph 138 of the Complaint.

139. Defendant denies the allegations set forth in paragraph 139 of the Complaint.

140. In answer to the allegations repeated and realleged in paragraph 140 of the Complaint, Defendant repeats and incorporates by reference all of the foregoing responses set forth in paragraphs 1-139 of this Answer as if fully set forth herein.

141. Defendant is without knowledge sufficient to form a belief as to the truth or falsity of the allegations set forth in the first two sentences of paragraph 141 of the Complaint.

142. Defendant denies the allegations set forth in paragraph 142 of the Complaint.

143. Defendant denies the allegations set forth in paragraph 143 of the Complaint.

144. Defendant denies the allegations set forth in paragraph 144 of the Complaint.

145. Defendant denies the allegations set forth in paragraph 145 of the Complaint.

Defendant denies that Plaintiffs are entitled to any of the relief requested in the concluding paragraphs of the Complaint and any of the factual allegations subsumed in such paragraphs. Any allegation set forth in the Complaint that Defendant has not expressly admitted in this Answer is denied.

## AFFIRMATIVE DEFENSES

Repeating and incorporating by reference its foregoing response, Defendant asserts the following affirmative and other defenses to the Complaint. Defendant states that the inclusion of the following defenses should not be construed as an admission or an acknowledgment that it bears the burden of proof on any particular defense.

1. Plaintiffs' Complaint fails to state a claim against Defendant upon which relief can be granted.

2. Defendant does not use Plaintiffs' alleged trademarks in commerce as that term is defined by the Lanham Act.

3. Defendant's conduct constitutes "fair use" of any of the Plaintiffs' alleged trademarks and copyrights.

4. Defendant's use of any names and/or alleged trademarks in connection with its business is not likely to cause confusion with Plaintiffs or its alleged trademarks or names, to dilute Plaintiffs' alleged trademarks or names, to trade on the good will or reputation of Plaintiffs in its alleged trademarks or names, or to mislead, confuse, or deceive anyone as to Defendant's goods or service, their source, or their connection with, sponsorship by, or approval by, or affiliation with Plaintiffs.

15

5. Plaintiffs' claims pursuant to Michigan statutory and/or common law are preempted by the Copyright Act.

6. Plaintiffs' alleged trademarks are not "famous" as that term is defined by the dilution statutes cited in the Complaint.

7. Plaintiffs' claims are barred in whole or in part by license from Plaintiffs to users of Defendant's services and/or to Defendant.

8. Plaintiffs' claims are barred by the First Amendment to the United States Constitution.

9. Plaintiffs' claims are barred by the doctrines of waiver, estoppel and laches.

10. Plaintiffs' claims are barred by the doctrine of unclean hands.

11. Defendant has not caused Plaintiffs any irreparable harm.

12. Defendant reserves the right to assert additional affirmative defenses in the event discovery indicates such additional affirmative defenses would be appropriate.

WHEREFORE, Defendant prays for judgment on the claims alleged in Plaintiffs' Complaint as follows:

 (i) that Plaintiffs take nothing by its Complaint, that no injunctive relief issue against Defendant, and that judgment be awarded in favor of Defendant on all counts;

 (ii) that all costs incurred herein by or on behalf of Defendant be taxed against Plaintiff;

 (iii) that Plaintiffs be ordered to pay all of Defendant's reasonable attorneys fees and expenses in defending this action; and

 (iv) that Defendant be awarded all other relief, whether at law or in equity, to which it is justly entitled.

## JURY DEMAND

Defendant, WhenU.Com, Inc., by its attorneys, hereby demands a trial by jury on all issues and claims triable to a jury.

> Respectfully submitted,
>
> **BUTZEL LONG, PC**
>
> By: **Leonard M. Niehoff** (P366950)
> 350 South Main Street, Suite 300
> Ann Arbor, Michigan 48104-2131
> (734) 213-3625
>
> **KRONISH LIEB WEINER & HELLMAN LLP**
> By: **Celia Goldwag Barenholtz**
> **John A. Morris**
> **Michael Paley**
> 1114 Avenue of the Americas
> New York, New York 10036
> (212) 479-6000
> Fax: (212) 479-6275
>
> **Attorneys for WhenU.com**

Dated: June 9, 2003

90206

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FILED
Jun 10 11 24 AM '03
U.S. DISTRICT COURT
ANN ARBOR

WELLS FARGO & COMPANY,
a Delaware corporation, WFC HOLDINGS
CORPORATION, a Delaware corporation, and
QUICKEN LOANS, INC., a Michigan corporation,

Plaintiff,

vs.

WHENU.COM, INC., a Delaware corporation,

Defendant.
_____/

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

## PROOF OF SERVICE

I state that on June 10, 2003, I caused to be served a copy of Defendant's Answer, Affirmative Defenses, Jury Demand and Proof of Service on: Jason Conti, Esq., Honigman Miller Schwartz & Cohn, 32270 Telegraph Road, Suite 225, Bingham Farms, MI 48025; Terence P. Ross, Esq., Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Washington, DC 20036; and Kendall Thiessen, Gibson, Dunn & Crutcher, LLP, 1801 California Street, Suite 4100, Denver, CO 80202 via first class mail. I also served a copy of the above-named documents on Jason Conti (248) 566-8437; Terence P. Ross (202) 467-0539; and Kendall Thiessen (303) 313-2853 via fax.

Debby Bailey Miller