


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO & CO., ET AL.,

Plaintiffs,

v.

WHENU.COM, INC.,

Defendant.

Case No. 03-71906

Honorable Nancy G. Edmunds

FILED
JUL 17 2003
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

**ORDER GRANTING DEFENDANT'S EMERGENCY MOTION FOR AN ORDER SEALING DECLARATION OF BENJAMIN G. EDELMAN, ATTACHED AS EXHIBIT 2 TO PLAINTIFFS' REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

This matter came before the Court on defendant's Emergency Motion for an Order Sealing Declaration of Benjamin G. Edelman.

Being fully advised in the premises, having read the pleadings, and for the reasons stated on the record, the Court hereby orders as follows:

Defendant's Emergency Motion for an Order Sealing Declaration of Benjamin G. Edelman is **Granted**;

The Clerk's Office shall seal the copy of Mr. Edelman's declaration that was submitted as Exhibit 2 to plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction, filed July 14, 2003, pending further consideration of this matter on August 11, 2003;

Plaintiffs and their agents, including Mr. Edelman, shall retrieve any copies of Mr. Edelman's declaration that they have made public;

Plaintiffs and their agents, including Mr. Edelman, are temporarily enjoined, until August 11, 2003 or further order of the Court, from making any of the information contained in Mr. Edelman's declaration public, including the publication of this information on any website.

Nancy G. Edmunds
U. S. District Judge

Dated: JUL 17 2003

PURSUANT TO RULE 77(D), FRCivP COPIES HAVE BEEN MAILED TO ALL ATTORNEYS FOR ALL PARTIES ON JUL 17 2003 20___.

DEPUTY CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WELLS FARGO & COMPANY,** Delaware corporation, **WFC HOLDINGS CORPORATION,** a Delaware corporation, and **QUICKEN LOANS, INC.,** a Michigan corporation

Plaintiff,

vs.

**WHENU.COM, INC.,** a Delaware corporation

Defendant.

_______________________________/

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

FILED
03 JUL 17 A9:35
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

**EMERGENCY MOTION FOR AN ORDER SEALING DECLARATION OF BENJAMIN G. EDELMAN**

Defendant WhenU.com ("WhenU") hereby submits this emergency motion (the "Motion") for an order sealing the Declaration of Benjamin G. Edelman (the "Edelman Declaration") filed by the above-captioned plaintiffs in support of their *Reply to Defendant's Opposition to Plaintiff's Motion for Preliminary Injunction* (the "Reply"), and respectfully represents as follows:

1. The Edelman Declaration contains direct references to and quotations of the code of WhenU's proprietary software program, SaveNow. Edelman Declaration ("Edelman Dec.") ¶¶ 19-38. The Edelman Declaration indicates that the declarant obtained access to the code by installing SaveNow and inspecting a .HTML file that the SaveNow program installed into the declarant's hard drive directory. Edelman Dec. ¶¶ 19-21.

2. Installation of SaveNow requires the person installing the software to agree to a licensing agreement which allows the use of the software only for personal, non-commercial use.

Further, the licensing agreement expressly forbids the user to "decompile, disassemble, reverse engineer, or otherwise attempt to derive the source code for the software." Declaration of Avi Naider, Exhibit I.

3. Declarant Edelman apparently violated the licensing agreement for SaveNow by deriving or attempting to derive the code of SaveNow from an installed copy and then publishing information about the code in a publicly-filed declaration. Even if the information revealed by Mr. Edelman were not obtained in violation of the license agreement, it is proprietary information that is not generally available to the public. Indeed, as Mr. Edelman acknowledges in his declaration, WhenU processes its code with scrambling software that prevents the public from easily gaining access to the code. Edelman Dec. ¶ 21 & n. 1.

4. WhenU does not object to the use of the Edelman Declaration for litigation purposes. It does, however, object to the filing of the declaration absent a protective order safeguarding WhenU's confidentiality interests in the SaveNow code.

5. Counsel for WhenU attempted to secure an agreement with plaintiffs for confidential treatment of the Edelman Declaration on the morning of July 16, by telephoning Mr. Peter Jaffe, one of plaintiffs' attorneys. Although Mr. Jaffe agreed to respond to WhenU's request quickly, as of the close of business on July 16, no answer had been received from plaintiffs' counsel to that telephone call, the follow up call made in the early afternoon of July 16, or the letter sent to Mr. Jaffe in the late afternoon of July 16. (The Edelman Declaration was filed with the Court on July 14, but counsel for WhenU did not receive a copy of it until the late afternoon of July 15.)

6. Accordingly, WhenU seeks the entry of an order sealing the Edelman Declaration.

7. To prevent prejudice to WhenU's interest in the confidentiality of its code, WhenU additionally requests as interim relief that the Edelman Declaration be sealed prior to the Court's final determination on the merits of the Motion.

8. Finally, WhenU requests that the Court direct that: (a) plaintiffs and their agents retrieve or arrange for the destruction of all copies of the Edelman Declaration not in their possession, (b) that plaintiffs and their agents treat all copies in their possession as confidential, and (c) that Mr. Edelman be barred from making his declaration public by posting a copy to his website or by any other means.

Respectfully submitted,

BUTZEL LONG

By: Leonard M. Nichoff
Leonard M. Nichoff (P36695)
Attorneys for Defendant
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110

KRONISH LIEB WEINER & HELLMAN LLP
Attorneys for Defendant
Celia Goldwag Barenholtz
Jason M. Koral
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

DATED: July 17, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO & COMPANY, Delaware corporation, WFC HOLDINGS CORPORATION, a Delaware corporation, and QUICKEN LOANS, INC., a Michigan corporation

Plaintiff,

vs.

WHENU.COM, INC., a Delaware corporation

Defendant.

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

FILED
03 JUL 17 A9:3?
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

**BRIEF OF DEFENDANT WHENU.COM IN SUPPORT OF EMERGENCY MOTION FOR AN ORDER SEALING DECLARATION OF BENJAMIN G. EDELMAN**

The Declaration of Benjamin G. Edelman contains direct references to and quotations of the code of SaveNow, a software program developed by WhenU.com. The SaveNow code is a proprietary trade secret of WhenU. WhenU maintains the confidentiality of its code by, among other things, processing it with scrambling software that prevents the public from easily gaining access to the code. Additionally, WhenU conditions the download of its software by requiring users to assent to a licensing agreement, which, *inter alia*, forbids the user to decompile, disassemble, reverse engineer, or otherwise attempt to derive the source code for the software.

Absent the entry of an order sealing the Edelman Declaration, WhenU will suffer competitive harm because descriptions of its confidential program code will be easily viewable by the general public. This Court may use its supervisory powers to prevent such harm by entering an order sealing the Edelman Declaration. *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) (holding that district courts may use their supervisory powers to prevent

materials being filed with the court being used as "sources of business information that might harm a litigant's competitive standing"); *Knoxville News-Sentinal Co. v. Knoxville Journal Corp.*, 723 F.2d 470, (6th Cir. 1983) ("[T]rial courts have always been afforded the power to seal their records when interests of privacy outweigh the public's right to know.").

Respectfully submitted,

BUTZEL LONG

By: Leonard M. Niehoff
Leonard M. Niehoff (P36695)
Attorneys for Defendant
350 South Main Street, Suite 300
Ann Arbor, Michigan 48104
(734) 995-3110

KRONISH LIEB WEINER & HELLMAN LLP
Attorneys for Defendant
Celia Goldwag Barenholtz
Jason M. Koral
1114 Avenue of the Americas
New York, New York 10036
(212) 479-6000

DATED: July 17, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**WELLS FARGO & COMPANY,** Delaware corporation, **WFC HOLDINGS CORPORATION,** a Delaware corporation, and **QUICKEN LOANS, INC.**, a Michigan corporation

Plaintiff,

vs.

**WHENU.COM, INC.**, a Delaware corporation

Defendant.

______________________________ /

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

FILED
'03 JUL 17 A9:35
U.S. DIST. COURT CLERK
EAST DIST. MICH
DETROIT

**PROOF OF SERVICE**

STATE OF MICHIGAN )
) ss.
COUNTY OF WAYNE )

I state that on July 23, 2003, I caused to be served a copy of: Emergency Motion for an Order Sealing Declaration of Benjamin G. Edelman, Brief of Defendant WhenU.com in Support of Emergency Motion for an Order Sealing Declaration of Benjamin G. Edelman and Proof of Service on: Jason Conti, Esq., Honigman Miller Schwartz & Cohn, 32270 Telegraph Road, Suite 225, Bingham Farms, MI 48025; Terence P. Ross, Esq., Gibson, Dunn & Crutcher, LLP, 1050 Connecticut Avenue, NW, Washington, DC 20035; and

Kendall Thiessen, Gibson, Dunn & Crutcher, LLP, 1801 California Street, Suite 4100, Denver, CO 80202 via Facsimile and First Class Mail.

Nancy M. Passalacqua

The signator is known to me and acknowledged the foregoing instrument this 17th day of July, 2003.

DIANA J. NANCE
Notary Public, Macomb County, MI
My Commission Expires Feb 10, 2004