## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

WELLS FARGO & COMPANY,
a Delaware corporation, WFC HOLDINGS
CORPORATION, a Delaware corporation, and
QUICKEN LOANS INC., a Michigan corporation,

Case No. 03-71906
Hon. Nancy G. Edmunds

     Plaintiffs,

v.

WHENU.COM, INC., a Delaware corporation,

     Defendant.
_____/

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiffs
By: Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, Michigan 48025-2457
(248) 566-8436

GIBSON, DUNN & CRUTCHER, LLP
Co-counsel for Plaintiffs
By: Terence P. Ross
   Peter E. Jaffe
   Amy E. Barrier
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 955-8500

GIBSON, DUNN & CRUTCHER, LLP
Co-counsel for Plaintiffs
By: Kendall I. Thiessen
1801 California St., Suite 4100
Denver, Colorado 80202
(303) 298-5718
_____/

**PLAINTIFFS' MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION *IN LIMINE* TO EXCLUDE THE TESTIMONY OF WILLIAM D. NEAL AND PLAINTIFFS' SURVEY EVIDENCE**

37

## CONCISE STATEMENT OF ISSUES PRESENTED

Pursuant to Local Rule 7.1(c)(2), the issue presented is the following:

Plaintiffs' witness, William D. Neal, has performed surveys of internet users who have WhenU.com's software, SaveNow, on their computers. These surveys – performed and analyzed in accordance with widely established practices – provide important and highly relevant evidence which establishes that Defendant WhenU.com's illegal advertising scheme confuses and misleads Plaintiffs' Internet customers, thereby doing irreparable harm to Plaintiffs' business reputation.

Therefore, should William D. Neal, an expert in consumer confusion who has surveyed public perceptions of Internet advertising schemes like WhenU.com's, be excluded from testifying in the upcoming hearing on Plaintiffs' Motion for a Preliminary Injunction, and should documentary evidence supporting his conclusions be excluded?

## INTRODUCTION

Plaintiffs Wells Fargo & Company, WFC Holdings Corporation and Quicken Loans Inc. ("Plaintiffs") respectfully submit this Memorandum in Opposition to Defendant WhenU.com's Motion *In Limine* to Exclude the Testimony of William D. Neal and Mr. Neal's Survey Evidence ("Motion *In Limine*") from the upcoming hearing on Plaintiffs' Motion for a Preliminary Injunction.

## BACKGROUND

Plaintiffs initiated this action against Defendant WhenU.com ("WhenU") on May 16, 2003 in response to WhenU's illegal advertising scheme. Because Plaintiffs are being harmed each day by WhenU's activities, on May 22, 2003 Plaintiffs filed a Motion for Preliminary Injunction to enjoin WhenU from using Plaintiffs' websites to further that scheme. A hearing on that Motion has been scheduled for August 11, 2003.

At that hearing, Plaintiffs intend to introduce, among other things, the testimony of William D. Neal, an expert in survey research and consumer confusion, and two internet surveys Mr. Neal conducted in September 2002. The surveys, included in Plaintiffs' exhibits as Exhibits 158 and 159, titled "the 1-800 Contacts Survey" and "the Gator Survey" respectively, provide substantial and relevant evidence that establishes consumer confusion among internet users who receive WhenU's pop-up advertisements. The very type of consumer confusion established by Mr. Neal's testimony and his underlying research is relevant to the merits of Plaintiffs' causes of action and will, therefore, aid the Court in determining that a preliminary injunction should issue.

Nonetheless, on July 28, 2003, WhenU filed its Motion *In Limine* to exclude from the August 11 hearing Mr. Neal's testimony, his Declaration attached to the Plaintiffs' Reply Brief ("the Neal Declaration"), and the surveys themselves. In support of their motion, WhenU argues: (1) the Neal Declaration and the survey evidence were not timely served; (2) the survey evidence is irrelevant; and (3) Mr. Neal is not an expert in the field of consumer confusion. Because each of these arguments is without merit, the Court should deny WhenU's Motion.

## ARGUMENT

### I. The Neal Declaration and the Survey Evidence Were Timely Served.

WhenU's initial argument is that because Mr. Neal's Declaration was submitted in support of Plaintiffs' Reply Brief it is somehow untimely. With this argument, WhenU seeks to preclude any party to a federal action from filing a declaration or affidavit in support of a reply brief, suggesting that doing so is somehow untimely and prejudicial. This argument runs counter to established practice. In their Brief in Response to Plaintiffs' Motion for Preliminary Injunction, WhenU presented extensive arguments relating to the issue of consumer confusion. In their Reply Brief, Plaintiffs responded to these arguments by, among other things, presenting the Neal Declaration and the surveys that support it. To bar such evidence would rob the Plaintiffs of their opportunity to reply as contemplated in the Federal Rules of Civil Procedure and by the Local Rules. See, e.g., L.R. 7.1(c). In support of their argument, WhenU cites Federal Rule of Civil Procedure 6(d), which states that "When a motion is supported by affidavit, the affidavit shall be served with the motion." Fed. R. Civ. P. 6(d). WhenU argues that affidavits and declarations filed in support of reply briefs somehow violate this rule. But in fact, Plaintiffs did

2

serve the Neal Declaration with and at the time they served the brief that it supported, thus complying with this Rule.

Seeking additional support, WhenU cites *CIA. Petrolera Caribe, Inc. v. ARCO Caribbean, Inc.*, 754 F.2d 404 (1st Cir. 1985), but WhenU's use of this case is severely misplaced. In *Petrolera Caribe*, the First Circuit held that the district court erred when it admitted affidavits submitted by the defendants *on the day of the hearing* of the defendants' summary judgment motion. *Petrolera Caribe*, 754 F.2d at 409-10. Because the purpose of timeliness rules is to provide adequate notice to the opposing party, the appellate court held that the district court's admission of the affidavits under those circumstances prejudiced the non-moving plaintiff. *Id.* at 410. In the present case, however, there has been no prejudice to WhenU whatsoever. WhenU was a party to *1-800 Contacts v. WhenU* ("1-800 Contacts case") for which Mr. Neal initially performed one of his surveys. WhenU has had that survey in its possession for months. Mr. Neal testified in a preliminary injunction hearing in that case, and WhenU's counsel cross examined him in that hearing. Unquestionably, WhenU is completely familiar with both the substance and methodology of Mr. Neal's surveys and the conclusions he has drawn from them, and has been since before the present action was filed. WhenU's own witness list, filed just three days after Plaintiffs filed their Reply Brief and the Neal Declaration is proof of its preparedness. WhenU's witness list includes among its three witnesses Jacob Jacoby, who has previously given testimony against Mr. Neal and his surveys in both the 1-800 Contacts case and in the Gator case.

3

Even if there were some prejudice in a case to be decided solely on the papers, such as the summary judgment motion at issue in *Petrolera Caribe*, in the present case the Court is holding a hearing on Plaintiffs' Motion for Preliminary Injunction in which the Plaintiffs are presenting Mr. Neal live for cross examination. Importantly, WhenU's argument against the admission of the Neal Declaration on the grounds of timeliness raises no objection to Mr. Neal's live testimony. The idea that WhenU could somehow be prejudiced through the admission of the Neal Declaration served weeks before the hearing when Mr. Neal will be giving live testimony at the hearing seems far fetched.

## II. Mr. Neal's Testimony and the Survey Evidence are Relevant to this Case.

The Federal Rules of Evidence define "relevant evidence" as that having "*any tendency* to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401 (emphasis added). One of the issues in the case before the Court is whether WhenU's pop-up advertisements confuse consumers as to their source and affiliation by appearing on Plaintiffs' websites. Accordingly, whether consumers are in fact confused about the source of WhenU's advertisements is "[a] fact of consequence to the determination" of Plaintiffs' action.

Mr. Neal performed surveys involving hundreds of people who had WhenU and a similar program produced by the Gator Corporation active on their computers. These surveys establish, among other things, that nearly 60% of the respondents who had WhenU's SaveNow software installed on their computers (and thus were certain to have seen WhenU's pop-up advertisements) believed that pop-up advertisements were placed on the websites over which

4

they appear by the owners of those websites. Neal Declaration at 3. Further, over half of the respondents indicated a belief that pop-up advertisements "have been pre-screened and approved by the website on which they appear." Neal Declaration at 3. Because Mr. Neal's surveys establish that Internet users who regularly view WhenU's pop-up advertisements generally believe that Internet pop-up advertisements are in some way associated with the websites on which they appear, Mr. Neal's testimony and the surveys that support it have at least *some tendency* to make it "more probable" that consumers are confused about the origin and sponsorship of WhenU's pop-up advertisements. This is all that Federal Rule of Evidence 401 requires.

WhenU argues attempts to bolster its argument that the surveys are nonetheless irrelevant because they "are not connected to the facts of this case." Motion *In Limine* at 6. WhenU incorrectly asserts that the surveys "did not ask . . . participants any questions about WhenU at all." *Id.* In fact, Mr. Neal's 1-800 Contacts Survey asks numerous questions about WhenU, citing the company and its software, SaveNow, by name, including:

- Prior to your participation in this survey, had you ever heard of a free software program offered by WhenU.com called SaveNow?

- Prior to your participation in this survey, did you know that the SaveNow software program from WhenU.com was installed on your computer?

- Did you intentionally choose to load SaveNow software on your computer, or was it loaded on your computer without your knowledge?

- What do you think SaveNow software does?

5

- Were you aware that, when viewing websites on the Internet, SaveNow software causes "Pop-Up" advertisements to be displayed on your computer which are not authorized by the website on which they appear?

1-800 Contacts Survey at 17-18.

WhenU's other claims supporting this argument, namely that the surveys "did not ask [about] the types of products sold by Plaintiffs" and "did not show [participants] any WhenU ads ... [or] any pop-up ads at all," Motion *In Limine* at 6-7, are simply not relevant to the admissibility of Mr. Neal's testimony or the surveys that support it. WhenU is free to argue at the upcoming hearing that persons seeking Plaintiffs' financial services over the Internet are so unlike internet users in general that the common beliefs of the latter cannot be attributed to the former, or that its own pop-up advertisements are so unlike any others that the survey participants must have been confused. These unlikely arguments, however, go to the weight of Mr. Neal's testimony and his survey evidence and not to its admissibility.

Cases that WhenU cites to support its irrelevancy argument are themselves irrelevant. *Rider v. Sandoz Pharmaceuticals Corp.*, 295 F.3d 1194 (11th Cir. 2002), *McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253 (11th Cir. 2002), and *General Electric Co. v. Joiner*, 522 U.S. 136 (1997), all involved the exclusion of expert evidence under Federal Rules of Evidence 702 for scientific unreliability, not Rule 402 for irrelevance, and thus provide no support for WhenU's argument. WhenU does not argue that the methods employed by Mr. Neal in conducting his survey do not comply with Rule 702. In fact, Mr. Neal's evidence is based upon sufficient facts or data (two extensive surveys) and it is the product of reliable principles and methods that have been employed throughout the field for decades, more than meeting the

6

requirements of Federal Rule of Evidence 702. As a throw away argument, WhenU includes a claim of unreliability in Footnote 7 of its Motion *In Limine*, which was rejected by the Court in the 1-800 Contacts case. Then as now, the defects that WhenU alleges do not indicate a lack methodological soundness, and should not make such evidence inadmissible in an adversary proceeding. And once again, cross-examination and presentation of contrary evidence are the "appropriate means" of challenging evidence a party believes is flawed. *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 595 (1993).

Finally, Defendant's ancillary arguments that "the issue of consumer confusion is not even relevant <u>unless</u> Plaintiffs can show the use of their trademarks 'in commerce,'" and that "[t]he only conceivable purpose for introducing the Neal Exhibits and Testimony would be in connection with an analysis by the Court of the so-called *Frisch* factors [presumably meaning the eight factors identified in *Frisch's Restaurants, Inc. v. Elby's Big Boy of Steubenville, Inc.*, 670 F.2d 642 (6th Cir. 1982)], pertaining to consumer confusion," are frivolous. Motion *in limine* at 7-8. The former is not an objection to the relevance of the surveys but merely a statement identifying a separate element of Plaintiffs' claim. The latter simply identifies one instance, but not the only instance, in which evidence of consumer confusion is relevant.

### III. Mr. Neal is an Expert on Consumer Confusion.

Like its relevancy argument, WhenU's argument that Mr. Neal is not an expert in the fields of survey research and consumer confusion was rejected by the Court in the 1-800 Contacts case. Mr. Neal's extensive experience in both fields, set forth in his declaration and in his curriculum vitae attached thereto, provides more than adequate basis for expert testimony

7

under prevailing law. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 156 (1999); *United States v. Jones*, 107 F.3d 1147 (6th Cir. 1997). WhenU's only authority for the proposition that Mr. Neal is not an expert is the statement of their own paid expert. The comparative credibility of experts, however, is traditionally and properly understood to lie uniquely within the province of the fact finder. *See Abel v. Dubberly*, 210 F.3d 1334 (11th Cir. 2000). WhenU's opportunity to question Mr. Neal's credentials on cross-examination and present the testimony of their own expert at the upcoming hearing is sufficient to address this issue.

Finally, WhenU's claim that Mr. Neal has admitted to a lack of expertise in a previous affidavit is simply not true. In a previous declaration in another case, Mr. Neal states that "Jacoby attempts to persuade the Court that the purveyor of the survey findings should necessarily be an expert in consumer confusion. The results of the this survey take little interpretation from an expert in consumer confusion. The data speaks for itself," Motion *In Limine* at 10. WhenU asserts that by making this statement, Mr. Neal suggests that he is not an expert in the field. Rather, this statement is simply meant to establish the compelling nature of the conclusions Mr. Neal draws from the data. Mr. Neal's point is that the data are so clear that even a lay person can interpret the results in only one way: that consumers are confused by WhenU's advertising scheme. If WhenU is prepared to stipulate to the reliability and accuracy of Mr. Neal's survey data, therefore, it may be possible to dispense with the Plaintiffs' need to call him as a witness.

8

## CONCLUSION

For the reasons stated above, William D. Neal's testimony and Plaintiffs' survey evidence should not be excluded from this Court's deliberations on Plaintiffs' Motion for a Preliminary Injunction.

Respectfully submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiffs

By: _____
Jason Schian Conti (P55617)
32270 Telegraph Road, Suite 225
Bingham Farms, Michigan 48025-2457
(248) 566-8436

GIBSON, DUNN & CRUTCHER, LLP
Co-counsel for Plaintiffs
By: Terence P. Ross
 Peter Jaffe
 Amy E. Barrier
1050 Connecticut Ave., N.W.
Washington, D.C. 20036
(202) 955-8500

GIBSON, DUNN & CRUTCHER, LLP
Co-counsel for Plaintiffs
By: Kendall Thiessen
1801 California St., Suite 4100
Denver, Colorado 80202
(303) 298-5718

Dated: August 7, 2003

9