UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO & COMPANY, Delaware corporation, WFC HOLDINGS CORPORATION, a Delaware corporation, and QUICKEN LOANS, INC., a Michigan corporation

    Plaintiff,

vs.

WHENU.COM, INC., a Delaware corporation

    Defendant.
_____/

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

FILED

OCT 14 2004

CLERK'S OFFICE
U.S. DISTRICT COURT
E.D. MICHIGAN

## ORDER APPOINTING SPECIAL MASTER

This action arises from a complaint involving claims of, among other things, trademark and copyright infringement. Having determined that referral of pending discovery disputes to a Master appointed under Fed. R. Civ. P. 53 is warranted in order to effectively and timely resolve these disputes, and having given the parties notice and an opportunity to be heard on the issue of an appointment of a Master, the Court hereby with the consent of the parties ORDERS:

**Appointment of Master**

1.  Judge Kathleen Roberts is appointed under Fed. R. Civ. P. 53(a) to serve as Master in this action to assist the Court in resolving discovery disputes. The Master has filed an affidavit disclosing whether there is any ground for disqualification under 28 U.S.C. § 455 (Exhibit A), and this Court finds that the Master does not have a

relationship to the parties, counsel, action, or Court that would require disqualification of a judge under 28 U.S.C. § 455.

**Duties and Authority of Master**

2. The appointment of the Master is for the specific purpose of preparing a Report and Recommendation regarding all discovery disputes arising out of the discovery requests made in this case, in particular, but not limited to, the issues raised by plaintiffs in their Third Motion to Compel and for Sanctions and defendant's issues with respect to the plaintiffs' document productions and responses, and any additional issues plaintiffs may have with respect to the defendant's document production and responses, which are not yet the subject of motion practice. The Master shall submit this Report and Recommendation to the Court within sixty (60) to ninety (90) days of the entry of this Order.

3. For any issues which are not currently the subject of a pending motion, the Master shall determine the manner in which such issues are addressed. Any such issues shall be set forth in writing by the parties in a form to be determined by the Master.

4. The Master is expected to conduct all of her activities in a manner that contains costs incurred by the parties and the Master.

5. The Master shall have discretion to permit ex parte communication in appropriate circumstances.

6. The Court does not currently anticipate that depositions regarding the production of documents are necessary. But if the Master determines that such depositions are necessary to her assignment or if one or both of the parties believe such depositions

are necessary to fully investigate the issues presented, they may petition the Court for permission to take such depositions.

7. The Court expects the Master to appropriately investigate the parties' discovery issues. This investigation may entail traveling to the parties' places of business, interviewing employees, and reviewing documents withheld by the parties as non-responsive or responsive only to requests to which the parties have objected. It is expected that the Master will meet with the parties' counsel in person or by telephone when necessary to hear oral argument on the issues.

8. Copies of all briefs, affidavits and supporting documents filed with the Master shall be filed simultaneously with the Clerk of the Court and served on the parties pursuant to applicable federal rules. Copies of other communications between the Master and the parties, however, need not be sent directly to the Court unless ordered by the Court or the Master.

9. The Master shall submit regular status reports to the Court and the parties on the status of the Master's activities and the fees incurred.

**Procedures**

10. The Master shall proceed with her duties with all reasonable diligence. The Master shall submit her status reports and Report and Recommendation on the referred matters promptly with the Court and serve a copy on counsel for plaintiffs and defendant.

**Report and Recommendation**

11. Any Report and Recommendation submitted by the Master to the Court will be reviewed by the Court de novo. Any party may file objections to, or a motion to

adopt or modify, the Master's Report and Recommendation no later than twenty (20) business days after being served with a copy of the Master's Report and Recommendation. The Court's review of the Master's Report and Recommendation shall be governed by 28 U.S.C. §§ 636(b)(1)(B) and (C).

**Fees and Expenses**

12. The Master has agreed to be paid at a rate of $500 per hour for the first 100 hours, $450 per hour for the next 100 hours, and $400 for the remaining time. Her assistants will work at a rate of $375 per hour for the first 100 hours and $325 for the remaining time. Additionally, JAMS will charge an administrative fee to be paid at the conclusion of the Master's engagement. The fee is 10% of the first 100 hours of total work and 7% of the remaining hours of work. The costs initially will be shared equally between the parties. The Master's statement for fees and expenses shall be submitted directly to counsel for the parties who shall take responsibility for prompt payment by their respective clients. Following review of the Report and Recommendation, the Court shall reconsider the allocation of the Master's costs and fees among the parties and, if necessary, order one party to reimburse the other for accrued costs and fees.

**SO ORDERED.**

                                                  s/NANCY G. EDMUNDS
                                                  Nancy G. Edmunds
                                                  U.S. District Judge

Dated: October 14, 2004

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WELLS FARGO & COMPANY, Delaware corporation, WFC HOLDINGS CORPORATION, a Delaware corporation, and QUICKEN LOANS, INC., a Michigan corporation

      Plaintiff,

vs.

WHENU.COM, INC., a Delaware corporation

      Defendant.

Case No. 03-71906

Hon. Nancy G. Edmunds
Magistrate Judge Pepe

### AFFIDAVIT OF KATHLEEN A. ROBERTS

I, Kathleen A. Roberts, hereby depose and state that I have reviewed 28 U.S.C. § 455, and I am unaware of any ground for disqualification under that statute.

*Kathleen A. Roberts* (signature)

Kathleen A. Roberts

10/14/04

Date

[Notary seal and signature: Christina M. Morrison, Notary Public, State of New York, No. 01MO6033529, Qualified in Kings County, Commission Expires April 20, 20__]

5

KRONISHLIEB 568778v1 10/11/2004 04:25 PM